JAMES B. CASTLE, Collector General of Customs *v.* ONE HUNDRED AND SEVENTY-FOUR CASES OF CRACKERS, FOUR HUNDRED AND EIGHTY TINS OF OPIUM and EIGHT CASES CONTAINING THE SAME.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JANUARY 11, 1897.     DECIDED FEBRUARY 15, 1897.

JUDD, C.J., FREAR AND WHITING JJ.

In an invoice of 174 cases of crackers, there were found 8 cases containing opium, a drug which is prohibited from importation by private parties.

Held, that the said eight cases with all the merchandise named in the invoice, was forfeited and confiscated to the use of the Hawaiian Government.

Held also, that the innocence of the importer did not prevent such confiscation.

Cleghorn, Coll. Gen'l Customs v. Opium Pills, 8 Haw. 461, affirmed.

OPINION OF THE COURT BY WHITING, J.

The steamer Mount Lebanon arrived at the port of Honolulu from the foreign port of Portland, Oregon, U. S. A., and brought 174 cases of crackers for and to the Washington Feed Company, a firm doing business in Honolulu.

One S. Lowden, a partner in that firm made the usual entry of the invoice at the Custom House in Honolulu, on which invoice and entry appeared the following:

| Marks and Nos. | Quanti-ties. | Pack-ages. | Con-tents. | Place of Origin. | Value. |
|---|---|---|---|---|---|
| Wash. Feed Co...........100 | | Cases | Salmon | Portland | $320 00 |
| Wash. Feed Co...........184 | | Cases | Crackers | Portland | 625 30 |

There arrived by the Mount Lebanon however, only 174 cases of crackers for the Washington Feed Company. On examination of these cases, the customs officers found 8 cases which contained 480 tins of opium.

So far as Lowden is concerned, he is an innocent party and knew nothing of the opium, or, that any of the cases contained opium. The Government has libelled the whole invoice of crackers and claims confiscation of the same and the opium, and a decree was made by the Circuit Judge, First Circuit, confiscating the same.

The claimant S. Lowden appealed and claims that only the cases of crackers in which the opium was found should be confiscated in addition to the confiscation of the opium, and not the remainder of the invoice, on two grounds:

1. That under the statute, Chap. 7, Sec. 3, Laws of 1886 (quoted below) only the eight cases containing the opium can be confiscated, and not the remainder of the invoice.

2. That Lowden, the claimant and importer, is innocent and was ignorant of any opium being in the invoice, and therefore that ignorance or mistake of fact is in all cases of supposed offense a sufficient excuse.

The counsel for claimant argued these points at length, in his brief, and cited numerous cases from the courts of other countries, but we are of opinion that they are not now open to argument in this Republic.

The case of Cleghorn, Collector General of Customs v. Opium Pills is decisive, for both these points were raised and disposed of contrary to the contention of claimant.

The importation of the opium by private persons is prohibited by the laws of the Republic, and the drug illegally imported or possessed is contraband and liable to seizure and confiscation, and also all the remainder of the merchandise in the invoice in

which the articles and goods were imported shall also be forfeited.

The statute governing such cases is Chap. 7, Sec. 3, laws of 1886, which reads: "If any goods or articles, prohibited from being imported by any private persons, shall be found in any ship within the limits of any port of this Kingdom (Republic), such goods and articles, and the packages containing the same, and all merchandise or part of the invoice in which such goods were imported, shall be forfeited."

The contention of claimant that the words of the statute, "and all merchandise or part of the invoice in which such goods were imported shall be forfeited" must mean merely the eight cases or packages in which the opium was found, that being the part of the invoice meant by the law, is unsound, for the eight cases or packages come within the immediate preceding language of the statute, viz: "if any goods or articles prohibited from being imported by any private persons, shall be found * * * "such goods and articles and the packages containing the same" shall be forfeited. The statute has a broader meaning than that contended for by the claimant.

In construing this statute, in *Cleghorn v. Opium Pills*, 8 Haw. 461, the court says, "the language of the law is plain and unambiguous; it is peremptory; it is only capable of one construction, viz:—that the articles (in this case opium pills) and the packages containing the same shall be forfeited, also all the remainder of the merchandise in the invoice in which the articles and goods were imported shall also be forfeited. This is the law as we find it on the statute books; and we cannot legislate or vary the law," and the court ordered a forfeiture of not only the opium pills but also of all the merchandise and goods contained in the invoice. In this case also, the court decided that the innocence of the importer did not prevent the forfeiture, although the innocent importer was punished for the misdeeds of the guilty consignor.

The appeal of claimant is dismissed and the decree of confiscation is affirmed.

*W. O. Smith,* Attorney General, for petitioner.

*Thurston & Stanley,* for respondent.